**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KEITH D. JOHNSON, | No.  2:23-CV-2883-KJM-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| KELLY MASUDA, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's complaint, ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody.  See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply,

1 concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to

2 Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice

3 of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121,

4 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity

5 overt acts by specific defendants which support the claims, vague and conclusory allegations fail

6 to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening

7 required by law when the allegations are vague and conclusory.

8

9 ### I. PLAINTIFF'S ALLEGATIONS

10         The conduct at issue occurred during proceedings in the Superior Court of

11 California, County of Sacramento. See ECF No. 1, pg. 1.  Plaintiff names the following five

12 parties as Defendants in this action: (1) Kelly Masuda, witness for Sacramento County

13 ("Defendant Masuda"), (2) Emmet C. Mahle, Public Defender for Sacramento County

14 ("Defendant Mahle"), (3) Donell A. Slivka, District Attorney ("Defendant Slivka"), (4)

15 Honorable Judy H. Hersher (Retired) ("Defendant Hersher"), and (5) Sacramento County

16 ("Defendant Sac. County"). See id. at 1-2.

17         During Plaintiff's criminal trial underling his current conviction and incarceration,

18 a police report and witness testimony were among the evidence submitted in the case against

19 Plaintiff. See id. at 3-6.  According to Plaintiff, the witness testimony and police report contained

20 falsified information. See id.  Plaintiff claims the falsified testimony and evidence detrimentally

21 affected Plaintiff's case and that, as a result, Plaintiff was found guilty and sentenced to thirty-

22 seven years to life in prison. See id.

23         Plaintiff asserts Defendants knowingly admitted this falsified evidence during

24 Plaintiff's trial. See id.  Plaintiff claims Defendants' conduct violated his civil rights protecting

25 against a wrongful conviction. See id. at 3.  Additionally, Plaintiff alleges Defendant Mahle's

26 conduct violated his Sixth Amendment right protecting against ineffective assistance of counsel.

27 See id. at 4.  Lastly, Plaintiff asserts Defendant Slivka violated his civil rights through

28 prosecutorial misconduct. See id. at 6.

## II. DISCUSSION

The Court finds that Plaintiff's claims are barred.  When a state prisoner challenges the legality of his custody and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is not cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam).  Thus, where a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of the prisoner's underlying conviction or sentence, or the result of a prison disciplinary hearing resulting in imposition of a sanction affecting the overall length of confinement, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding.  See Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 claim not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor).

Here, success on the merits of Plaintiff's claims against Defendants would necessarily imply the invalidity of his criminal conviction.  Plaintiff may only avoid this result by pleading facts indicating that his conviction has been set aside, reversed, or otherwise invalidated prior to bring this action.  To the extent Plaintiff is able to allege such facts, Plaintiff will be provided an opportunity to amend.

## III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended

1   complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if

2   Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make

3   Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be

4   complete in itself without reference to any prior pleading.  See id.

5           If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the

6   conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See

7   Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

8   each named defendant is involved, and must set forth some affirmative link or connection

9   between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d

10  164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

11          Finally, Plaintiff is warned that failure to file an amended complaint within the

12  time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at

13  1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply

14  with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b).

15  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

16          Accordingly, IT IS HEREBY ORDERED that:

17          1.      Plaintiff's original complaint is dismissed with leave to amend; and

18          2.      Plaintiff shall file a first amended complaint within 30 days of the date of

19  service of this order.

20

21  Dated:  January 18, 2024

22                                                  _____
                                                    DENNIS M. COTA
23                                                  UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28

                                    4