IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH D. JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>KELLY MASUDA, et al.,<br><br>    Defendants. | No.  2:23-CV-2883-KJM-DMC-P<br><br><br>ORDER |

   Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's motion the appointment of counsel.  See ECF No. 10.

    The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive and both must be viewed together before reaching a decision.  See id.  In Terrell, the

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim.  The facts he alleged and the issues he raised were not of substantial complexity.  The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances.  Plaintiff states that he is untrained in the law and requires the assistance of counsel.  See ECF No. 10.  This is a typical circumstance for prisoner litigants and, thus, not an exceptional circumstance warranting the appointment of counsel.  Further, a review of the docket reflects that Plaintiff is capable of presenting his claims, which are neither factually nor legally complex, on his own.  Finally, at this early stage of the proceedings before Plaintiff has filed a first amended complaint as ordered, the Court cannot stay that Plaintiff has demonstrated any particular likelihood of success on the merits.

By separate order, the Court will grant Plaintiff additional time to file an amended complaint in compliance with the Court's January 19, 2024, order.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for the appointment of counsel, ECF No. 10, is DENIED.

**Dated:  February 7, 2024**

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE